UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60046-MD

UNITED STATES OF AMERICA,

v.

RICHARD GEORGE JACKSON,

        Defendant.
_____/

## ORDER

THIS MATTER came before the Court for a hearing on March 6, 2025, upon the Government's motion to detain the Defendant, Richard George Jackson, prior to trial and until the conclusion thereof [DE 17], and upon the Defendant's motion for bond [DE 19]. For the reasons stated on the record at the March 6, 2025 hearing, which are incorporated herein, and for the additional reasons discussed herein, I denied the Government's motion [DE 17] and granted the Defendant's motion [DE 19]. *See* [DE 18, 20].

The Defendant is charged by Indictment [DE 3] with making a false claim of United States citizenship to obtain a state or federal benefit, in violation of Title 18, United States Code, Section 1015(e). The Indictment brings the foregoing charge against the Defendant on the basis that on or about March 3, **2020**, the Defendant, an alien,

> knowingly ma[d]e a false statement and claim that he was a citizen of the United States, with the intent to obtain on behalf of himself a State benefit, in that the defendant presented a fraudulent birth certificate from the State of New Jersey as proof of his identity and citizenship to induce and secure the issuance of a State of Florida Driver License.

[DE 3]. The Government sought detention on the basis of risk of non-appearance.

Consequently, I held the March 6, 2025 hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required.[1]  18 U.S.C. § 3142(f).  In order to detain a defendant pending trial based on risk of non-appearance, the Government must establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance as required. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).  In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).  "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in favor of defendants." *United States v. Kaplowitz*, No. 14-20323-CR, 2014 WL 2155231, at *4 (S.D. Fla. May 22, 2014) (quoting *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)) (cleaned up).

Ultimately, there was little evidence to suggest that the Defendant is likely to flee or that he is unlikely to appear as required, with one exception.  That is, the Defendant is an alien who is unlawfully residing in the United States, and the Government has indicated that the Defendant, if released on bond, will be taken into the custody of ICE and likely removed from the United States very quickly.  In the late 1980s, the Defendant was subject to an order of removal, and he was deported (or self-deported).  He reentered the United States around 2000, but the order of removal against the Defendant can be reinstated.  However, "[r]einstatement of a prior order of removal is neither automatic nor obligatory." *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) (citing *Villa–Anguiano v. Holder*, 727 F.3d 873, 878 (9th Cir. 2013)).

---

[1] The Government did not argue that no condition or combination of conditions would reasonably assure the safety of any other person and the community.

2

At any rate, in determining whether any conditions or combination of conditions of release will reasonably assure the appearance of the Defendant as required, the Court must consider the nature and circumstances of the offense, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of any danger to a person or to the community caused by the Defendant's release.  18 U.S.C. § 3142(g).  After considering those factors in detail (as discussed in this Order and in further detail on the record at the March 6, 2025 hearing), I cannot find that the Government has met its burden of showing that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.

First, the nature and circumstances of the offense largely weigh against the risk of nonappearance.  To be sure, this factor does support the Government's position to the extent that the charged offense involves the use of a fraudulent birth certificate to obtain a driver's license.  However, the charged offense occurred over 5 years ago, and the circumstances of the charged offense show that the Defendant's desire was to remain in the United States, and more particularly, in this area, where he has resided at the same home (a home his wife owns) for approximately 19 years.  Moreover, if convicted, while the Defendant could be sentenced to a maximum sentence of 5 years in prison, the Defendant's sentence is unlikely to exceed 6 months in prison, and the Defendant may not receive any prison sentence at all.  Thus, I find that the Defendant's likely sentence (if convicted) makes it highly unlikely that the Defendant will flee.

Second, the weight of the evidence is strong.  Based on the evidence presented at the hearing, the Government's case is based on a copy of the birth certificate submitted to the Florida Department of Highway Safety and Motor Vehicles (DHSMV) in connection with the Defendant attempting to renew his driver's license.  The DHSMV retained a scanned copy of the document,

and the state of New Jersey (which allegedly issued the document) has no record of its existence. Immigration documents also show that the Defendant entered the United States from Jamaica using a visa (inconsistent with being a U.S. citizen) and he admitted, following his arrest, to purchasing the fraudulent documents for $900. However, as discussed in the preceding paragraph, given the likely sentence the Defendant is facing if convicted, even a strong case does not give the Defendant a significant incentive to flee.

Third, the history and characteristics of the Defendant strongly support a finding that the Defendant is likely to appear as required (absent the Government deporting him). The Defendant has significant ties to this community. He has been married for over 30 years, and his wife is a United States citizen. Additionally, the Defendant has lived at his home, a home owned by his wife, for approximately 19 years. That home has equity, and one of the conditions of the Defendant's release will be that his wife cosign his bond. Moreover, even aside from the Defendant's strong ties to this community, the Defendant's history and characteristics show that he has a strong desire to remain here, not a desire to go elsewhere.

Fourth, none of the evidence presented shows that the Defendant poses any danger to any person or the community if released.

Based on the facts and factors described above, there is little risk the Defendant would voluntarily fail to appear. His main incentive to not appear in court voluntarily would be to avoid potentially being deported. For many defendants lacking legal status and facing deportation, such an incentive may be enough to find that there are no conditions that would reasonably assure their appearance. However, based on my individualized assessment of this Defendant, there are conditions that I could set to reasonably mitigate risk, specifically because he has a long-term

4

spouse, who is a United States citizen, and whose property would be put at risk by a violation of the Defendant's bond.

Rather, the only real risk of nonappearance is that the Government deports the Defendant. Indeed, the Government's argument for detention at the hearing centered entirely on the fact that the pending removal order made it highly likely that the Defendant would not only be deported, but would be deported expeditiously, if released on bond. But that is something that is out of the Defendant's control; it is exclusively within the Government's control. The Government is essentially insisting that, the Government having chosen to prosecute the Defendant, the Court must order the Defendant detained solely because otherwise another part of the Government will choose to frustrate that prosecution. That does not suffice for warranting detention under § 3142. I agree with other courts that have persuasively found that the "risk of nonappearance referenced in 18 U.S.C. § 3142 must involve an element of volition." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019) (quoting *Santos-Flores*, 794 F.3d at 1091); *see also United States v. Storme*, 83 F.4th 1078, 1083 (7th Cir. 2023); *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337-39 (10th Cir. 2017); *United States v. Rodriguez-Sanchez*, No. 6:19-CR-222-ORL-37LRH, 2019 WL 5789725, at *3 (M.D. Fla. Nov. 6, 2019); *United States v. Espinoza-Ochoa*, 371 F. Supp. 3d 1018, 1022 (M.D. Ala. 2019); *United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1134 (M.D. Fla. 2015). Consequently, when all other signs somewhat overwhelmingly show that the Defendant is unlikely to flee, the "existence of an ICE detainer and the probability of [the defendant's] immigration detention and removal from the United States" does not provide an appropriate basis upon which "to find that no condition or combination of conditions will reasonably assure [the defendant's] appearance." *Diaz-Hernandez*, 943 F.3d at 1198 (quoting *Santos-Flores*, 794 F.3d at 1092).

5

In sum, the conditions of bond that I have set will reasonably assure the Defendant's appearance as required. The only potential impediment is that the Government chooses to deport the Defendant against his own volition and to do so before the Government can complete its prosecution. But that is not an appropriate reason to detain the Defendant pending trial when the Defendant is highly unlikely to flee on his own accord.

DONE AND ORDERED at Fort Lauderdale, Florida this 6th day of March 2025.

_Jared Strauss_
Jared M. Strauss
United States Magistrate Judge